**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **FAHAD NASSER MOHAMMED AL** ) | |
| **SULTAN ALGAHTANI,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 05-2265 (RWR)** |
| ) | |
| **GEORGE W. BUSH <u>et</u> <u>al</u>.,** ) | |
| ) | |
| **Respondents.** ) | |
| ) | |

**PROTECTIVE ORDER AND PROCEDURES FOR COUNSEL ACCESS**
**TO PETITIONERS AT THE UNITED STATES NAVAL BASE**
**IN GUANTANAMO BAY, CUBA**

To prevent the unauthorized disclosure or dissemination of classified national security information and other protected information that may be reviewed by, made available to, or are otherwise in the possession of, the petitioners and/or petitioners' counsel in this case, pursuant to the general supervisory authority of the Court,

IT IS ORDERED:

1.   This case likely involves classified national security information or documents, the storage, handling and control of which require special security precautions, and access to which requires a security clearance and a "need to know." This case may also involve other protected information or documents, the storage, handling and control of which may require special precautions in order to protect the security of United States

-2-

government personnel and facilities, and other significant
government interests.

2.    The purpose of this Protective Order is to establish
the procedures that must be followed by all petitioners' counsel,
their respective petitioner(s), all other counsel involved in
this case, translators for the parties, and all other individuals
who receive access to classified national security information or
documents, or other protected information or documents, in
connection with this case, including the privilege team as
defined in Exhibit A.

3.    The procedures set forth in this Protective Order will
apply to all aspects of this case, and may be modified by further
order of the Court <u>sua</u> <u>sponte</u> or upon application by any party.
The Court will retain continuing jurisdiction to enforce or
modify the terms of this Order.

4.    Nothing in this Order is intended to or does preclude
the use of classified information by the government as otherwise
authorized by law outside of these actions.

5.    Petitioners' counsel shall be responsible for advising
their employees, the petitioners, and others of the contents of
this Protective Order, as appropriate or needed.

6.    Petitioners' counsel are bound by the terms and
conditions set forth in the "Revised Procedures For Counsel

-3-

Access To Detainees At the U.S. Naval Base In Guantanamo Bay, Cuba," and the procedures for handling mail and documents brought into and out of counsel meetings, attached hereto as Exhibit A. This Protective Order specifically incorporates by reference all terms and conditions established in the procedures contained in Exhibit A to the extent they place limitations on petitioners' counsel in their access to and interaction with petitioners or handling of information. Any violation of the terms and conditions of those procedures will also be deemed a violation of this Protective Order.

7.    The privilege team shall not disclose to any person any information provided by counsel for a petitioner or by a petitioner, other than information provided in a filing with the Court, unless such information, if it were monitored information, could be disclosed under Section X of Exhibit A. Such disclosure shall be consistent with the provisions of Section X of Exhibit A.

<u>Definitions</u>

8.    As used herein, the words "documents" or "information" shall include, but are not limited to, all written or printed matter of any kind, formal or informal, including originals, conforming copies and non-conforming copies (whether different

-4-

from the original by reason of notation made on such copies or otherwise), and further include, but are not limited to:

    a.  papers, correspondence, memoranda, notes, letters, reports, summaries, photographs, maps, charts, graphs, interoffice and intra-office communications, notations of any sort concerning conversations, meetings, or other communications, bulletins, teletypes, telegrams, telefacsimiles, invoices, worksheets, and drafts, alterations, modifications, changes and amendments of any kind to the foregoing;

    b.  graphic or oral records or representations of any kind, including, but not limited to, photographs, charts, graphs, microfiche, microfilm, videotapes, sound recordings of any kind, and motion pictures;

    c.  electronic, mechanical or electric records of any kind, including, but not limited to, tapes, cassettes, disks, recordings, electronic mail, films, typewriter ribbons, word processing or other computer tapes or disks, and all manner of electronic data processing storage; and

    d.  information acquired orally.

    9.  The terms "classified national security information and/or documents," "classified information" and "classified documents" refer to:

-5-

a.   any classified document or information that has
been classified by any Executive Branch agency in the interests
of national security or pursuant to Executive Order, including
Executive Order 12958, as amended, or its predecessor Orders as
"CONFIDENTIAL," "SECRET," or "TOP SECRET," or additionally
controlled as "SENSITIVE COMPARTMENTED INFORMATION (SCI)," or any
classified information contained in such document;

b.   any document or information, regardless of its
physical form or characteristics, now or formerly in the
possession of a private party that has been derived from United
States government information that was classified, regardless of
whether such document or information has subsequently been
classified by the government pursuant to Executive Order,
including Executive Order 12958, as amended, or its predecessor
Orders as "CONFIDENTIAL," "SECRET," or "TOP SECRET," or
additionally controlled as "SENSITIVE COMPARTMENTED INFORMATION
(SCI)";

c.   verbal or non-documentary classified information
known to the petitioner or petitioners' counsel; or

d.   any document and information as to which the
petitioner or petitioners' counsel have been notified orally or
in writing that such documents or information contains classified
information.

-6-

10.  All classified documents, and information contained therein, shall remain classified unless the documents bear a clear indication that they have been declassified by the agency or department that is the original classification authority of the document or the information contained therein (hereinafter, the "original classification authority").

11.  The terms "protected information and/or documents," "protected information" and "protected documents" refer to any document or information deemed by the Court, either upon application by counsel or <u>sua sponte</u>, as worthy of special treatment as if the document or information were classified, even if the document or information has not been formally deemed to be classified.

12.  For purposes of this Protective Order, "petitioners' counsel" shall be defined to include an attorney who is employed or retained by or on behalf of a petitioner for purposes of representing the petitioner in habeas corpus or other litigation in federal court in the United States, as well as co-counsel, interpreters, translators, paralegals, investigators and all other personnel or support staff employed or engaged to assist in the litigation.

13.  "Access to classified information" or "access to protected information" shall mean having access to, reviewing,

-7-

reading, learning, or otherwise coming to know in any manner any
classified information or protected information.

14.  "Secure area" shall mean a physical facility accredited
or approved for the storage, handling, and control of classified
information.

15.  "Unauthorized disclosure of classified information"
shall mean any knowing, willful or negligent action that could
reasonably be expected to result in a communication or physical
transfer of classified information to an unauthorized recipient.

16.  "Coordinated cases" shall mean cases brought by
Guantanamo Bay detainees in this court that were coordinated by
Judge Joyce Hens Green in In re Guantanamo Detainee Cases, Civil
Action Nos. 02-0299 (CKK), 02-828 (CKK), 02-1130 (CKK), 04-1135
(ESH), 04-1136 (JDB), 04-1137 (RMC), 04-1144 (RWR), 04-1164
(RBW), 04-1194 (HHK), 04-1227 (RBW), 04-1254 (HHK).

### Designation of Court Security Officer

17.  The Court designates Christine E. Gunning as Court
Security Officer for this case, and Joan B. Kendrall, Michael P.
Macisso, James P. Londergan, Mary M. Cradlin, Daniel O.
Hartenstine, John P. Molinard, Jennifer Campbell, and Barbara J.
Russell as Alternate Court Security Officers, for the purpose of
providing security arrangements necessary to protect from
unauthorized disclosure of any classified documents or

-8-

information, or protected documents or information, to be made available in connection with this case. Petitioners' counsel shall seek guidance from the Court Security Officer with regard to appropriate storage, handling, transmittal, and use of classified documents or information.

Access to Classified Information and Documents

18. Without authorization from the government, no petitioner or petitioners' counsel shall have access to any classified information involved in this case unless that person shall first have:

a. made a written submission to the Court Security Officer precisely stating the reasons why counsel has a need to know the classified information requested; and

b. received the necessary security clearance as determined by the Department of Justice Security Officer; and

c. signed the Memorandum of Understanding ("MOU"), attached hereto as Exhibit B, agreeing to comply with the terms of this Protective Order.

The written submissions that are made by counsel to the Court Security Officer stating the reasons why counsel has a need to know the classified information requested shall be kept confidential by the Court Security Officer and shall not be

-9-

disclosed to any other counsel or party to this case unless the Court specifically orders such disclosure.

19.  Petitioners' counsel to be provided access to classified information shall execute the MOU appended to this Protective Order, and shall file executed originals with the Court and submit copies to the Court Security Officer and counsel for the government.  The execution and submission of the MOU is a condition precedent for petitioners' counsel to have access to, or continued access to, classified information for the purposes of this proceeding.

20.  The substitution, departure, or removal of petitioners' counsel from this case for any reason shall not release that person from the provisions of this Protective Order or the MOU executed in connection with this Order.

21.  The government shall arrange for one appropriately approved secure area for the use of petitioners' counsel.  The secure area shall contain a working area that will be supplied with secure office equipment reasonable and necessary to the preparation of the petitioners' case.  Expenses for the secure area and its equipment shall be borne by the government.

22.  The Court Security Officer shall establish procedures to ensure that the secure area is accessible to the petitioners' counsel during normal business hours and at other times on

-10-

reasonable request as approved by the Court Security Officer. The Court Security Officer shall establish procedures to ensure that the secure area may be maintained and operated in the most efficient manner consistent with the protection of classified information. The Court Security Officer or Court Security Officer designee may place reasonable and necessary restrictions on the schedule of use of the secure area in order to accommodate appropriate access to all petitioners' counsel in this and other proceedings.

23. All classified information provided by the government to counsel for petitioners, and all classified information otherwise possessed or maintained by petitioners' counsel, shall be stored, maintained, and used only in the secure area.

24. No documents containing classified information may be removed from the secure area unless authorized by the Court Security Officer or Court Security Officer designee supervising the area.

25. Consistent with other provisions of this Protective Order, petitioners' counsel shall have access to the classified information made available to them in the secure area, and shall be allowed to take notes and prepare documents with respect to those materials.

-11-

26. Petitioners' counsel shall not copy or reproduce any
classified information in any form, except with the approval of
the Court Security Officer or in accordance with the procedures
established by the Court Security Officer for the operation of
the secure area.

27. All documents prepared by petitioners or petitioners'
counsel that do or may contain classified information (including
without limitation, notes taken or memoranda prepared by counsel
and pleadings or other documents intended for filing with the
Court) shall be transcribed, recorded, typed, duplicated, copied,
or otherwise prepared only by persons who have received an
appropriate approval for access to classified information. Such
activities shall take place in the secure area on approved word
processing equipment and in accordance with the procedures
approved by the Court Security Officer. All such documents and
any associated materials containing classified information (such
as notes, memoranda, drafts, copies, typewriter ribbons, magnetic
recordings, exhibits) shall be maintained in the secure area
unless and until the Court Security Officer advises that those
documents or associated materials are unclassified in their
entirety. None of these materials shall be disclosed to counsel
for the government unless authorized by the Court, by

-12-

petitioners' counsel or as otherwise provided in this Protective
Order.

28.  Petitioners' counsel shall discuss classified
information only within the secure area or in another area
authorized by the Court Security Officer, shall not discuss
classified information over any standard commercial telephone
instrument or office intercommunication system, and shall not
transmit or discuss classified information in electronic mail
communications of any kind.

29.  The Court Security Officer or Court Security Officer
designee shall not reveal to any person the content of any
conversations she or he may hear by or among petitioners'
counsel, nor reveal the nature of documents being reviewed by
them, or the work generated by them, except as necessary to
report violations of this Protective Order to the Court or to
carry out their duties pursuant to this Order.  In addition, the
presence of the Court Security Officer or Court Security Officer
designee shall not operate as a waiver of, limit, or otherwise
render inapplicable, the attorney-client privilege or work
product protections.

30.  Petitioners' counsel shall not disclose the contents of
any classified documents or information to any person, including
counsel in related cases brought by Guantanamo Bay detainees in

-13-

this or other courts, except those authorized pursuant to this
Protective Order or the Protective Order in the coordinated
cases, the Court, and counsel for the government with the
appropriate clearances and the need to know that information.
Except as otherwise specifically provided by Judge Colleen
Kollar-Kotelly in her well-reasoned opinion addressing counsel
access procedures regarding petitioners Mohammed Ahmed al
Kandari, Fawzi Khalid Abdullah Fahad al Odah, and Khalid Abdullah
Mishal al Mutairi in Al Odah v. United States, 02-CV-0828 (CKK),
counsel for petitioners in this case are presumed to have a "need
to know" information both in their own cases and in related cases
pending before this Court.  Therefore, and except as provided
with respect to the three petitioners in Al Odah mentioned above,
counsel for all petitioners in this case and the coordinated
cases who have satisfied all necessary prerequisites and follow
all procedures set forth herein may share and discuss among
themselves classified information to the extent necessary for the
effective representation of their clients.  Counsel for
respondents may challenge the "need to know" presumption on a
case-by-case basis for good cause shown.

    31.  Petitioners' counsel shall not disclose classified
information not provided by petitioner-detainee to that
petitioner-detainee.  Should petitioners' counsel desire to

-14-

disclose classified information not provided by petitioner-detainee to that petitioner-detainee, petitioners' counsel will provide in writing to the privilege review team (See Exhibit A) a request for release clearly stating the classified information they seek to release. The privilege review team will forward the petitioner counsel's request to the appropriate government agency authorized to declassify the classified information for a determination. The privilege review team will inform petitioners' counsel of the determination once it is made.

32. No petitioner or counsel for petitioner shall disclose or cause to be disclosed any information known or believed to be classified in connection with any hearing or proceeding in this case except as otherwise provided herein.

33. Except as otherwise stated in this paragraph and to ensure the security of the United States of America, at no time, including any period subsequent to the conclusion of the proceedings, shall petitioners' counsel make any public or private statements disclosing any classified information or documents accessed pursuant to this Protective Order, including the fact that any such information or documents are classified. In the event that classified information enters the public domain, however, counsel are not precluded from making private or public statements about the information already in the public

-15-

domain, but only to the extent that the information is in fact in the public domain. Counsel may not make any public or private statements revealing personal knowledge from non-public sources regarding the classified or protected status of the information or disclosing that counsel had personal access to classified or protected information confirming, contradicting, or otherwise relating to the information already in the public domain. In an abundance of caution and to help ensure clarity on this matter, the Court emphasizes that counsel shall not be the source of any classified or protected information entering the public domain.

As stated in more detail in paragraph 53 below, failure to comply with these rules may result in the revocation of counsel's security clearance as well as civil and/or criminal liability.

34. The foregoing shall not prohibit petitioners' counsel from citing or repeating information in the public domain that petitioners' counsel does not know to be classified information or a classified document, or derived from classified information or a classified document.

35. All documents containing classified information prepared, possessed or maintained by, or provided to, petitioners' counsel (except filings submitted to the Court and served on counsel for the government), shall remain at all times in the control of the Court Security Officer for the duration of

-16-

this case.  Upon final resolution of this case, including all appeals, all such documents shall be destroyed by the Court Security Officer.

<u>Designation Procedures for Protected Information</u>

36.  Should counsel for respondents in this case wish to have the court deem any information "protected," counsel for respondents shall disclose the information to qualified counsel for petitioners and attempt to reach an agreement regarding the designation of information prior to filing a motion with the Court.  "Qualified counsel" for petitioners means those counsel who have satisfied the necessary prerequisites set forth in this Order for the viewing of protected information.  Counsel for petitioners shall treat such disclosed information as "protected" unless and until the Court rules that the information should not be designated as "protected."  Counsel for petitioners shall make their best efforts to designate one attorney as a representative to review the information on their behalf and to negotiate with counsel for respondents prior to the filing of any motions to deem information "protected."

<u>Access to Protected Information and Documents</u>

37.  Without authorization from the government or the Court, protected information shall not be disclosed or distributed to any person or entity other than the following:

-17-

a.   petitioners' counsel, provided such individuals have signed the Acknowledgment, attached hereto as Exhibit C, attesting to the fact that they have read this Protective Order and agree to be bound by its terms; and

b.   the Court and its support personnel.

38.  The execution of the Acknowledgment is a condition precedent for petitioners' counsel to have access to, or continued access to, protected information for the purposes of this proceeding.  A copy of each executed Acknowledgment shall be kept by counsel making the disclosure until thirty (30) days after the termination of this action, including appeals.

39.  The substitution, departure, or removal of petitioners' counsel from this case for any reason shall not release that person from the provisions of this Protective Order or the Acknowledgment executed in connection with this Protective Order.

40.  Petitioners' counsel shall not disclose the contents of any protected documents or information to any person, to include counsel in related cases brought by Guantanamo Bay detainees in this or other courts, except those authorized pursuant to this Protective Order or the Protective Order in the coordinated cases, the Court, or counsel for the government.  Except as otherwise specifically provided by Judge Colleen Kollar-Kotelly with respect to counsel for petitioners Mohammed Ahmed al

-18-

Kandari, Fawzi Khalid Abdullah Fahad al Odah, and Khalid Abdullah Mishal al Mutairi in <u>Al Odah v. United States</u>, 02-CV-0828 (CKK), counsel for petitioners in this case and the coordinated cases may share protected information with each other but only to the extent that counsel have appropriate security clearances and that all other procedures set forth in this Protective Order are complied with.  Petitioners' counsel shall maintain all protected information and documents received through this proceeding in a confidential manner.

41.  Petitioners' counsel shall not disclose protected information not provided by petitioner-detainee to that petitioner-detainee without prior concurrence of counsel for the government or express permission of the Court.

42.  No petitioner or counsel for petitioner shall disclose or cause to be disclosed any information known or believed to be protected in connection with any hearing or proceeding in this case or the coordinated cases except as otherwise provided herein.

43.  At no time, including any period subsequent to the conclusion of the proceedings, will petitioners' counsel make any public or private statements disclosing any protected information or documents accessed pursuant to this Protective Order,

-19-

including the fact that any such information or documents are protected.

44. Protected information shall be used only for purposes directly related to this case or the coordinated cases and not for any other litigation or proceeding, except by leave of the Court. Photocopies of documents containing such information shall be made only to the extent necessary to facilitate the permitted use hereunder.

45. Nothing in this Protective Order shall prevent the government from using for any purpose protected information it provides a party. Nothing in this Protective Order shall entitle another party to protected information.

46. Supplying protected information to another party does not waive privilege with respect to any person or use outside that permitted by this Protective Order.

47. Within sixty (60) days of the resolution of this action, and the termination of any appeals therefrom, all protected documents or information, and any copies thereof, shall be promptly destroyed, provided that the party to whom protected information is disclosed certifies in writing that all designated documents and materials have been destroyed, and further provided that counsel for the government may retain one complete set of any such materials that were presented in any form to the Court.

-20-

Any such retained materials shall be placed in an envelope or envelopes marked "Protected Information Subject to Protective Order."  In any subsequent or collateral proceeding, a party may seek discovery of such materials from the government, without prejudice to the government's right to oppose such discovery or its ability to dispose of the materials pursuant to its general document retention policies.

<u>Procedures for Filing Documents</u>

48.  All documents filed by a petitioner shall be filed under seal with the court through the Court Security Officer for determination by the appropriate agency as to whether the documents contain classified or protected information.  At the time of making a submission to the CSO, the attorney shall file on the public record in the CM/ECF system a "Notice of Filing" notifying the Court that a submission has been made to the CSO and specifying in general terms the nature of the filing without disclosing any potentially classified or protected information. Attached to the Notice of Filing in the CM/ECF system shall be a one page submission repeating in general terms the nature of the filing without disclosing any potentially classified or protected information and disclosing the date and time the document was delivered to the CSO for her review.

-21-

49.  In the event that the CSO informs counsel for a
petitioner that a proposed filing does not contain any classified
or protected information, counsel shall then promptly file the
full submission in the CM/ECF system and counsel shall make
specific reference to the earlier docket entry notifying the
Court that the document had been submitted to the CSO for review.
The docket entry description shall also state that the CSO has
approved of the public filing of the document.  The underlying
document filed in the CM/ECF system shall contain a notation in
the upper right hand corner of the first page stating,
"PREVIOUSLY FILED WITH CSO AND CLEARED FOR PUBLIC FILING."

50.  In the event that the CSO informs counsel for a
petitioner that a proposed filing does in fact contain some or
all classified or protected information, counsel shall then
promptly file in the CM/ECF system a version of the document
suitable for public viewing.  Unless an entire document is deemed
classified or protected, a "version of the document suitable for
public viewing" shall mean a document in which the portions of
the document containing classified or protected information are
redacted.  Such a document shall contain a notification in the
upper right hand corner of the first page stating "REDACTED
VERSION FOR PUBLIC FILING CLEARED BY CSO."  In the event an
entire document is deemed classified or protected, a "version of

-22-

the document suitable for public viewing" shall mean one page

"half sheet" containing the caption of the case, a version of the

title of the document that does not disclose classified or

protected information, and a brief statement that the CSO has

informed counsel that the entire document is classified or

protected.  The docket entry description in the CM/ECF system for

the document suitable for public viewing shall make specific

reference to the earlier docket entry notifying the Court that

the document had been submitted to the CSO for review.

51.  Any pleading or other document filed by counsel for the

respondents containing classified or protected information shall

be filed under seal with the Court through the CSO.  In addition,

counsel for respondents shall file in the CM/ECF system a version

of the document suitable for public viewing as that phrase is

defined in the preceding paragraph.

52.  Nothing herein shall require the government to disclose

classified or protected information.  Nor shall anything herein

prohibit the government from submitting classified information or

protected information to the Court in camera or ex parte in these

proceedings, or entitle petitioners or petitioners' counsel

access to such submissions or information.  Except for good cause

shown in the filing, the government shall provide counsel for the

-23-

petitioner or petitioners with notice served on such counsel on
the date of the filing.

### Penalties for Unauthorized Disclosure

53.  Any unauthorized disclosure of classified information
may constitute violations of United States criminal laws.  In
addition, any violation of the terms of this Protective Order
shall be immediately brought to the attention of the Court and
may result in a charge of contempt of Court and possible referral
for criminal prosecution.  See e.g., Executive Order 12958, as
amended.  Any breach of this Protective Order may also result in
the termination of access to classified information and protected
information.  Persons subject to this Protective Order are
advised that direct or indirect unauthorized disclosure,
retention, or negligent handling of classified documents or
information could cause damage to the national security of the
United States or may be used to the advantage of an adversary of
the United States or against the interests of the United States.
Persons subject to this Protective Order are also advised that
direct or indirect unauthorized disclosure, retention, or
negligent handling of protected documents or information could
risk the security of United States government personnel and
facilities, and other significant government interests.  This
Protective Order is to ensure that those authorized to receive

-24-

classified information and protected information will not divulge

this information to anyone who is not authorized to receive it,

without prior written authorization from the original

classification authority and in conformity with this Protective

Order.

54.  The termination of these proceedings shall not relieve

any person or party provided classified information or protected

information of his, her, or its obligations under this Protective

Order.

IT IS SO ORDERED.

December 1, 2005

_____/s/_____
RICHARD W. ROBERTS
United States District Judge

Exhibit A

-1-                              EXHIBIT A

**REVISED PROCEDURES FOR COUNSEL ACCESS TO DETAINEES
AT THE U.S. NAVAL BASE IN GUANTANAMO BAY, CUBA**

## I.  Applicability

Except as otherwise stated herein or by other Order issued
in the United States District Court for the District of Columbia,
the following procedures shall govern counsel access to all
detainees in the control of the Department of Defense ("DoD") at
the U.S. Naval Base in Guantanamo Bay, Cuba ("GTMO") by counsel
for purposes of litigating the cases in which this Order is
issued.

These procedures do not apply to counsel who are retained
solely to assist in the defense of a detainee in a trial by
military commission.  Access by that counsel is covered by the
Procedures for Monitoring Communications Between Detainees
Subject to Trial by Military Commission and their Defense Counsel
Pursuant to Military Commission Order No. 3.

## II.  Definitions

A.  <u>Communications</u>:  All forms of communication between counsel
and a detainee, including oral, written, electronic, or by any
other means.

B.  <u>Counsel</u>:  An attorney who is employed or retained by or on
behalf of a detainee for purposes of representing the detainee in
the United States District Court for the District of Columbia and
who is admitted, either generally or pro hac vice, in this Court.
Unless otherwise stated, "counsel" also includes co-counsel,
interpreters, translators, paralegals, investigators and all
other personnel or support staff employed or engaged to assist in
the litigation.

C.  <u>Detainee</u>:  An individual detained by DoD as an alleged enemy
combatant at the U.S. Naval Base in Guantanamo Bay, Cuba.

-2-                                      EXHIBIT A

D.  Privilege Team:  A team comprised of one or more DoD attorneys and one or more intelligence or law enforcement personnel who have not taken part in, and, in the future, will not take part in, any domestic or foreign court, military commission or combatant status tribunal proceedings involving the detainee.  If required, the privilege team may include interpreters/translators, provided that such personnel meet these same criteria.

E.  Legal Mail:  Letters written between counsel and a detainee that are related to the counsel's representation of the detainee, as well as privileged documents and publicly-filed legal documents relating to that representation.

**III.  Requirements for Access to and Communication with Detainees**

A.  Security Clearance:

    1.   Counsel must hold a valid current United States security clearance at the Secret level or higher, or its equivalent (as determined by appropriate DoD intelligence personnel).

    2.   Counsel who possess a valid security clearance shall provide, in writing, the date of their background investigation, the date such clearance was granted, the level of the clearance, and the agency who granted the clearance.  Access will be granted only after DoD verification of the security clearance.

    3.   Counsel who does not currently possess a Secret clearance will be required to submit to an application for clearance to the Department of Justice, Litigation Security Division.

B.  Acknowledgment of and Compliance with Access Procedures

    1.   Before being granted access to the detainee, counsel will receive a copy of these procedures.  To have access to the detainee, counsel must agree to comply fully with these procedures and must sign an affirmation acknowledging his/her agreement to comply with them.

    2.   This affirmation will not be considered an acknowledgment by counsel that the procedures are

-3-                              EXHIBIT A

legally permissible.  Even if counsel elects to
challenge these procedures, counsel may not knowingly
disobey an obligation imposed by these procedures.

3.    The DoD expects that counsel, counsel's staff, and
anyone acting on the behalf of the attorney will fully
abide by the requirements of this document.  Counsel is
required to provide the DoD with signed affirmations
from interpreters, translators, paralegals,
investigators and all other personnel or support staff
employed or engaged to assist in the litigation, upon
utilization of those individuals by counsel in a manner
that implicates these procedures.

4.    Should counsel fail to comply with the procedures set
forth in this document, access to or communication with
the detainee will not be permitted.


C.  Verification of Representation

1.    Prior to being permitted access to the detainee,
counsel must provide DoD with a *Notification of
Representation*.  This Notification must include the
counsel's licensing information, business and email
addresses and phone number, as well as the name of the
detainee being represented by the counsel.
Additionally, counsel shall provide evidence of his or
her authority to represent the detainee.

2.    Counsel shall provide evidence of his or her authority
to represent the detainee as soon as practicable and in
any event no later than ten (10) days after the
conclusion of a second visit with the detainee.  The
Court recognizes that counsel may not be in a position
to present such evidence after the initial meeting with
a detainee.  Counsel for detainees and counsel for
respondents shall cooperate to the fullest extent
possible to reach a reasonable agreement on the number
of counsel visits allowed.  Should counsel for a
detainee believe that the government is unreasonably
limiting the number of visits with a detainee, counsel
may petition the Court at the appropriate time for
relief.

-4-                              EXHIBIT A

3.    If the counsel withdraws from representation of the
      detainee or if the representation is otherwise
      terminated, counsel is required to inform DoD
      immediately of that change in circumstances.

4.    Counsel must provide DoD with a signed representation
      stating that to the best of counsel's knowledge after
      reasonable inquiry, the source of funds to pay counsel
      any fees or reimbursement of expenses are not funded
      directly or indirectly by persons or entities the
      counsel believes are connected to terrorism or the
      product of terrorist activities, including "Specially
      Designated Global Terrorists," identified pursuant to
      Exec. Order No. 13,224, 66 Fed. Reg. 49,079 (Sept. 23,
      2001) or Exec. Order No. 12,947, 60 Fed. Reg. 5079
      (Jan. 23, 1995), and (b) counsel has complied with ABA
      Model Rule 1.8(f).

D.   Logistics of Counsel Visits

1.    Counsel shall submit to the Department of Justice (DoJ)
      any request to meet with a detainee.  This request
      shall specify date(s) of availability for the meeting,
      the desired duration of the meeting and the language
      that will be utilized during the meeting with the
      detainee.  Reasonable efforts will be made to
      accommodate the counsel's request regarding the
      scheduling of a meeting.  Once the request has been
      approved, DoJ will contact counsel with the date and
      duration of the meeting.

2.    Legal visits shall take place in a room designated by
      JTF-Guantanamo.  No more than two attorneys (or one
      attorney and one assistant) plus one
      interpreter/translator shall visit with a detainee at
      one time, unless approved in advance by the Commander,
      JTF-Guantanamo.  Such approval shall not be
      unreasonably withheld.

3.    Due to the mission and location of the US Naval Base at
      Guantanamo Bay, Cuba, certain logistical details will
      need to be coordinated by counsel prior to arrival.
      This includes arrangements for travel and lodging.
      Specific information regarding these issues will be
      provided by DoJ.

-5-                    EXHIBIT A

4.   In order to travel to GTMO, all counsel must have a
     country and theater clearance for that specific visit.
     In order to begin processing country and theater
     clearances, counsel must have confirmed flight
     information for travel to GTMO and a valid current
     United States security clearance at the Secret level or
     higher, or its equivalent (as determined by appropriate
     DoD intelligence personnel).  Country and theater
     clearances require twenty (20) days to process.
     Accordingly, counsel shall provide DoD, through DoJ,
     with the required information no later than 20 days
     prior to the GTMO visit date, or as soon as a visit is
     scheduled.  Requests for visits made inside of 20 days
     will not normally be granted.

## IV.   Procedures for Correspondence Between Counsel and Detainee

A.   <u>Mail Sent by Counsel to Detainee ("Incoming Mail")</u>

1.   Counsel shall send incoming legal mail for a detainee
     to the privilege team at the appropriate address
     provided by government counsel.  Each envelope or
     mailer shall be labeled with the name of the detainee
     and shall include a return address for counsel sending
     the materials.  The outside of the envelope or mailer
     for incoming legal mail shall be labeled clearly with
     the following annotation:  "Attorney-Detainee
     Materials-For Mail Delivery to Detainee."

2.   Each page of legal mail shall be labeled "Attorney-
     Detainee Materials." No staples, paper clips or any
     non-paper items shall be included with the documents.

3.   Upon receiving legal mail from counsel for delivery to
     the detainee, the privilege team shall open the
     envelope or mailer to search the contents for
     prohibited physical contraband.  Within two (2)
     business days of receipt of legal mail, and assuming no
     physical contraband is present, the privilege team
     shall forward the mail to military personnel at GTMO in
     a sealed envelope marked "Legal Mail Approved by
     Privilege Team" and clearly indicating the identity of
     the detainee to which the legal mail is to be
     delivered.  The privilege team shall return to the
     sender any incoming mail that does not comply with the
     terms of paragraphs IV.A.1., 2.

-6-                          EXHIBIT A

4.   Within two (2) business days of receipt of legal mail
     from the privilege team, personnel at GTMO shall
     deliver the envelope or mailer marked by the privilege
     team as "Legal Mail Approved by the Privilege Team" to
     the detainee without opening the envelope or mailer.
     If counsel desires confirmation that the documents were
     delivered to the detainee, counsel is responsible for
     providing a stamped, self-addressed envelope for that
     purpose.  The detainee shall be responsible for mailing
     any confirmation of delivery to counsel as outgoing
     legal mail.  This method shall be the sole and
     exclusive means by which confirmation of delivery is
     provided to counsel.

5.   Written correspondence to a detainee not falling within
     the definition of legal mail shall be sent through the
     United States Postal Service to the appropriate address
     provided by government counsel.  Non-legal mail
     includes, but is not limited to, letters from persons
     other than counsel, including family and friends of the
     detainee.  These non-privileged communications will be
     reviewed by military personnel at GTMO under the
     standard operating procedures for detainee non-legal
     mail.

6.   Counsel is required to treat all information learned
     from a detainee, including any oral and written
     communications with a detainee, as classified
     information, unless and until the information is
     submitted to the privilege team and determined to be
     otherwise by the privilege team or by this Court or
     another court.  Accordingly, if a counsel's
     correspondence contains any summary or recitation of or
     reference to a communication with a detainee that has
     not been previously determined to be unclassified, the
     correspondence shall be prepared, marked, transported
     and handled as classified material as required by
     Executive Order 12958, DOD Regulation 5200.1-R and AI
     26, OSD Information and Security Supplement to DOD
     Regulation 5200.1R.

7.   Written and oral communications with a detainee,
     including all incoming legal mail, shall not include
     information relating to any ongoing or completed
     military, intelligence, security, or law enforcement
     operations, investigations, or arrests, or the results

-7-                    EXHIBIT A

of such activities, by any nation or agency or current
political events in any country that are not directly
related to counsel's representation of that detainee;
or security procedures at GTMO (including names of U.S.
Government personnel and the layout of camp facilities)
or the status of other detainees, not directly related
to counsel's representation.

B.  <u>Mail Sent by Detainee to Counsel ("Outgoing Mail")</u>

1.  Detainees will be provided with paper to prepare
    communications to counsel.  In the presence of military
    personnel, the detainee will seal the written
    communication into an envelope and it will be annotated
    as "Attorney-Detainee Materials-For Mail Delivery To
    Counsel."  Each envelope shall be labeled with the name
    of the detainee and the counsel.  Envelopes annotated
    with the name of persons other the detainee's counsel
    (including family/friends or other attorneys) shall be
    processed according to the standard operating
    procedures for detainee non-legal mail.

2.  Military personnel will collect the outgoing legal mail
    within one (1) business day of being notified by the
    detainee that the communication is prepared for sealing
    and mailing.

3.  After the outgoing legal mail is collected from the
    detainee, the envelope will be sealed into a larger
    envelope by military personnel at Guantanamo which will
    be marked as "Attorney-Detainee Materials-For Mail
    Delivery To Counsel" and will be annotated with the
    name of the detainee and the counsel.  The envelope
    will be sealed and mailed in the manner required for
    classified materials.  Within two (2) business days of
    receipt from the detainee, the communication will be
    mailed to the appropriate address as provided by
    government counsel.

4.  Detainees also are permitted to send non-legal mail,
    including written communications to persons other than
    counsel, through the United States Postal Service.
    These communications shall be reviewed by military
    personnel at Guantanamo under the standard operating
    procedures for detainee non-legal mail.

-8-                                    EXHIBIT A

5.   In the event any non-legal correspondence or messages
     from a detainee to individuals other than his counsel
     (including family/friends or other attorneys) are sent
     to counsel as, or included with, legal mail, counsel
     shall return the documents to military personnel at
     GTMO for processing according to the standard operating
     procedures for detainee non-legal mail.

**V.   Materials Brought Into A Meeting With Detainee And Counsel**

A.   Counsel shall bring only legal mail, writing utensils
     and paper into any meeting with a detainee unless
     counsel has received prior approval from the Commander,
     JTF-GTMO.  The Commander shall not unreasonably
     withhold approval for counsel to bring into a meeting
     with a detainee letters, tapes, or other communications
     introducing counsel to the detainee, if the government
     has first reviewed the communication and determined
     that sharing the communication with the detainee would
     not threaten the security of the United States.

B.   Written and oral communications with a detainee,
     including all documents brought into a meeting with a
     detainee, shall not include information relating to any
     ongoing or completed military, intelligence, security,
     or law enforcement operations, investigations, or
     arrests, or the results of such activities, by any
     nation or agency or current political events in any
     country that are not directly related to counsel's
     representation of that detainee; or security procedures
     at GTMO (including names of U.S. Government personnel
     and the layout of camp facilities) or the status of
     other detainees, not directly related to counsel's
     representation.

**VI.  Materials Brought Out Of A Meeting With Detainee and Counsel**

A.   Upon the completion of each meeting with a detainee or
     during any break in a meeting session, counsel will
     give the notes or documents used or produced during the
     meeting to a designated individual at Guantanamo.
     These materials will be sealed in the presence of
     counsel and will be handled as classified material as
     required by Executive Order 12958, DOD Regulation
     5200.1-R and AI 26, OSD Information Security Supplement
     to DOD Regulation 5200.1R.

-9-                              EXHIBIT A

B.    Upon the completion of the counsel's visit to
      Guantanamo, the notes or documents used or produced
      during the visit shall be sealed in the presence of
      counsel and placed in an envelope labeled as "Attorney-
      Detainee Meeting Documents-For Delivery to Counsel."
      The envelope shall be sealed into a larger envelope by
      military personnel at Guantanamo which shall be marked
      as "Attorney-Detainee Meeting Documents-For Mail
      Delivery To Counsel" and shall be annotated with the
      name of the detainee and the counsel.  The envelope
      shall be sealed and mailed in the manner required for
      classified materials.  Within two (2) business days
      following the completion of the counsel's visit to
      Guantanamo, the package shall be mailed to the
      appropriate address provided by government counsel.

C.    Correspondence or messages from a detainee to
      individuals other than his counsel (including
      family/friends or other attorneys) shall not be handled
      through this process.  If a detainee provides these
      communications to his counsel during a visit, counsel
      shall give those communications to military personnel
      at Guantanamo so they can be processed under the
      standard operating procedures for detainee non-legal
      mail.

VII.  **Classification Determination of Detainee Communications**

A.    Counsel may submit information learned from a detainee
      to the privilege team for a determination of its
      appropriate security classification.  Counsel shall
      memorialize the information submitted for
      classification review into a written memorandum
      outlining as specifically as possible the information
      for which counsel requests a classification
      determination.  All documents submitted for
      classification review shall be prepared, handled and
      treated in the manner required for classified
      materials, as provided by as required by Executive
      Order 12958, DOD Regulation 5200.1-R and AI 26, OSD
      Information Security Supplement to DOD Regulation
      5200.1R.  No information derived from these submissions
      shall be disclosed outside the privilege team pursuant
      to these procedures until after the privilege team has
      reviewed it for security and intelligence purposes.
      Absent express consent given by the Court, or except as

-10-                          EXHIBIT A

otherwise provided in this document, the submissions
shall not be disclosed to any person involved in the
interrogation of a detainee, and no such individual may
make any use of those communications whatsoever, nor
shall the submissions be disclosed to any Government
personnel involved in any domestic or foreign court,
military commission or combatant status tribunal
proceedings involving the detainee.

B.    Counsel shall send all materials submitted for
classification review to the appropriate address to be
provided by government counsel.  The outside of the
envelope or mailer shall be clearly labeled
"Attorney-Detainee Meeting Documents-For Classification
Review By Privilege Team."  Each envelope or mailer
shall be annotated with the name of the detainee and
the counsel.  Each page of the document submitted for
classification review shall be marked "Attorney-
Detainee Materials" and "Classified."  The envelope or
mailer will be sealed and mailed in the manner required
for classified materials.

C.    As soon as possible after conducting the classification
review, the privilege team shall advise counsel of the
classification levels of the information contained in
the materials submitted for review.  The privilege team
shall forward its classification determination directly
to counsel after a review and analysis period not to
exceed, from the time of receipt by the privilege team:

1. Seven (7) business days for information that is
written in the English language;

2. Fourteen (14) business days for any information that
includes writing in any language other than English, to
allow for translations by the privilege team;

3. Twenty (20) business days for any information where
the privilege team has reason to believe that a code
was used, to allow for further analysis.

D.    While conducting classification review, the privilege
team shall promptly report any information that
reasonably could be expected to result in immediate and
substantial harm to the national security to the
Commander, JTF-Guantanamo.  In his discretion, the

-11-                    EXHIBIT A

Commander, JTF-Guantanamo may disseminate the relevant portions of the information to law enforcement, military and intelligence officials as appropriate.

E.    If, at any time, the privilege team determines that information in the documents submitted for classification review relate to imminent acts of violence, the privilege team shall report the contents of those documents to Commander, JTF-Guantanamo. In his discretion, the Commander, JTF-Guantanamo may disseminate the relevant portions of the information to law enforcement, military and intelligence officials.

F.    The privilege team shall not disclose any information submitted by counsel for classification review outside the privilege team, except as provided by these procedures or as permitted by counsel submitting the information.

## VIII.  Telephonic Access to Detainee

A.    Requests for telephonic access to the detainee by counsel or other persons will not normally be approved. Such requests may be considered on a case-by-case basis due to special circumstances and must be submitted to Commander, JTF-Guantanamo.

B.    Any telephonic access by counsel will be subject to appropriate security procedures, but shall not include contemporaneous monitoring or recording.

C.    Any telephonic access by persons other than counsel will be subject to appropriate security procedures, including contemporaneous monitoring and recording.

## IX.  Counsel's Handling And Dissemination Of Information From Detainee

A.    Subject to the terms of any applicable protective order, counsel may disseminate the unclassified contents of the detainee's communications for purposes reasonably related to their representation of that detainee.

-12-                              EXHIBIT A

B.   Counsel is required to treat all information learned from a detainee, including any oral and written communications with a detainee, as classified information, unless and until the information is submitted to the privilege team and determined to be otherwise.  All classified material must be handled, transported and stored in a secure manner, as provided by Executive Order 12958, DOD Regulation 5200.1-R and AI 26, OSD Information Security Supplement to DOD Regulation 5200.1R.

C.   Counsel shall disclose to DoJ or Commander, JTF-Guantanamo any information learned from a detainee involving future events that threaten national security or involve imminent violence.

D.   Counsel may not divulge classified information not learned from the detainee to the detainee.  Counsel may not otherwise divulge classified information related to a detainee's case to anyone except those with the requisite security clearance and need to know using a secure means of communication.  Counsel for detainees in the coordinated cases pending in the United States District Court for the District of Columbia are presumed to have a "need to know" information in related cases pending before this Court.  Counsel for respondents in those cases may challenge this presumption on a case-by-case basis for good cause shown.

## X.   JTF-Guantanamo Security Procedures

A.   Counsel and translators/interpreters shall comply with the following security procedures and force protection safeguards applicable to the US Naval Base in Guantanamo Bay, Cuba, JTF-Guantanamo and the personnel assigned to or visiting these locations, as well as any supplemental procedures implemented by JTF-Guantanamo personnel.

B.   Contraband is not permitted in JTF-Guantanamo and all visitors are subject to search upon arrival and departure.  Examples of contraband include, but are not limited to, weapons, chemicals, drugs, and materials that may be used in an escape attempt.  Contraband also includes money, stamps, cigarettes, writing

instruments, etc.  No items of any kind may be provided to the detainee without the advance approval of the Commander, JTF-Guantanamo.

C.   Photography or recording of any type is prohibited without the prior approval of the Commander, JTF-Guantanamo.  No electronic communication devices are permitted.  All recording devices, cameras, pagers, cellular phones, PDAs, laptops, portable electronic devices and related equipment are prohibited in or near JTF-Guantanamo.  Should any of these devices be inadvertently taken into a prohibited area, the device must be surrendered to JTF-Guantanamo staff and purged of all information.

D.   Upon arrival at JTF-Guantanamo, security personnel will perform a contraband inspection of counsel and translators/interpreters using metal detectors as well as a physical inspection of counsel's bags and briefcases and, if determined necessary, a physical inspection of his/her person.

E.   Counsel shall not be permitted to interview or question members of the Joint Task Force about their duties or interactions with detainees without first obtaining permission from the Commander, Joint Task Force Guantanamo.  Should permission be unreasonably denied, counsel may seek an Order from this Court granting permission for good cause shown.

F.   Counsel will meet with a detainee in conference facilities provided by GTMO.  These facilities are subject to visual monitoring by closed circuit TV for safety and security reasons.  (The only other method of visual observation available is for the door to remain open with military police sitting outside the door.).  No oral communications between counsel and detainee will be heard.

G.   At the conclusion of a meeting with a detainee, counsel and translators/interpreters will again be inspected using a metal detector and, if deemed necessary, by physical inspection of their persons.

Exhibit B

EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
                            )
_____, et al.    )
                            )
        Petitioners,        )
                            )
   v.                       )  Civil Action No.
                            )
GEORGE W. BUSH,             )
     President of the United )
     States, et al.,        )
                            )
        Respondents.        )
```

## MEMORANDUM OF UNDERSTANDING REGARDING ACCESS TO CLASSIFIED NATIONAL SECURITY INFORMATION

Having familiarized myself with the applicable statutes, regulations, and orders related to, but not limited to, unauthorized disclosure of classified information, espionage and related offenses; The Intelligence Identities Protection Act, 50 U.S.C. § 421; 18 U.S.C. § 641; 50 U.S.C. § 783; 28 C.F.R. § 17 et seq.; and Executive Order 12958; I understand that I may be the recipient of information and documents that belong to the United States and concern the present and future security of the United States, and that such documents and information together with the methods and sources of collecting it are classified by the United States government.  In consideration for the disclosure of classified information and documents:

(1)  I agree that I shall never divulge, publish, or reveal either by word, conduct or any other means, such classified

EXHIBIT B

documents and information unless specifically authorized in writing to do so by an authorized representative of the United States government, or as expressly authorized by the Protective Order entered in the United States District Court for the District of Columbia in the case captioned _____ v. George W. Bush, No. _____.

(2)  I agree that this Memorandum of Understanding and any other non-disclosure agreement signed by me will remain forever binding on me.

(3) I have received, read, and understand the Protective Order entered by the United States District Court for the District of Columbia in the case captioned _____ v. George W. Bush, No. _____, and I agree to comply with the provisions thereof.


_____          _____
                                           Date


_____          _____
                                           Date

-2-

Exhibit C

EXHIBIT C

## <u>ACKNOWLEDGMENT</u>

The undersigned hereby acknowledges that he/she has read the Protective Order entered in the United States District Court for the District of Columbia in the case captioned _____ v. George W. Bush, No. _____, understands its terms, and agrees to be bound by each of those terms.  Specifically, and without limitation, the undersigned agrees not to use or disclose any protected information or documents made available to him/her other than as provided by the Protective Order.  The undersigned acknowledges that his/her duties under the Protective Order shall survive the termination of this case and are permanently binding, and that failure to comply with the terms of the Protective Order may result in the imposition of sanctions by the Court.


DATED: _____     BY: _____
                              (type or print name)

                          SIGNED: _____